## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| *ANNE MARIE PRESTON,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| *v.* ) | *No. 2:13-cv-321-DBH* |
| ) | |
| *CAROLYN W. COLVIN, Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| *Defendant* ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge failed to assess properly her physical and mental residual functional capacities ("RFC"), improperly rejected the opinions of her treating professionals, and failed to explain properly her evaluation of the plaintiff's credibility. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from scoliosis of the thoracic spine, anxiety disorder, and depression, impairments that were severe but which,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 20-21; that she had the RFC to perform work at the medium exertional level, except that she could understand, remember, and carry out simple, repetitive instructions and could persist at that level of complexity for eight hours a day and five days a week on a consistent basis, would need to avoid work with the general public but could interact appropriately with co-workers and supervisors and could adapt to routine changes in the work setting, Finding 5, *id*. at 23; that she was capable of performing her past relevant work as a laundry worker, Finding 6, *id*. at 27; and that, therefore, she was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset, June 22, 2009, through the date of the decision, July 27, 2012, Finding 7, *id*. at 29. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and

determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982*, at 813.

## I. Discussion

### A. Mental RFC

The plaintiff first contends that the administrative law judge should not have given great weight to the opinion of Brian Stahl, Ph.D., a state-agency psychologist who did not examine the plaintiff, because he "did not describe limitations regarding the Plaintiff's depressive disorder and did not identify how the Plaintiff's anxiety disorder imposed limitations separate and independent from her underlying reduced intellectual functioning." Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 15) at 4.

To the contrary, Dr. Stahl found that the plaintiff suffered from both affective disorders[2] and anxiety-related disorders, Record at 257, and he does not suggest any other basis for the limitations that he assigned to her, *id*. at 273. The plaintiff offers no authority to support her contention that a state-agency reviewer, whether psychologist or medical doctor, must expressly link each limitation to the impairment that he or she finds caused that impairment. I am aware of no such requirement.

Next, the plaintiff contends that the administrative law judge could not rely on Dr. Stahl's opinions because Dr. Stahl formed those opinions "without review of a substantial amount of evidence . . . received at the hearing level" which she characterizes as "show[ing] that [she] is more limited than previously assessed." Itemized Statement at 4. She identifies this evidence as pages 275 to 354 of the record. *Id.* She then refers to several earlier pages of the record, pages

---

[2] The form used by state-agency reviewing psychologists does not include a separate entry for depression. The Social Security system considers depression to be an affective disorder. *See* Listing 12.04.

247 and 271, *id.*, which I decline to consider in view of her own description of the evidence at issue as being subsequently-submitted. Of those pages that were subsequently submitted, the plaintiff cites specifically only to pages 344 and 352. *Id.*

The plaintiff correctly cites *Kittrick v. Astrue*, Civil No. 09-265-BW, 2010 WL 1946321, at *3 (D. Me. May 12, 2010), for the proposition that reliance on the opinion of a state-agency reviewer may be inappropriate when material, new evidence is added to the record after that opinion has been submitted; but, it is not appropriate to do so in every such instance. When the medical evidence postdating state-agency reviewers' reports is essentially cumulative, an administrative law judge's reliance on those reports is not error. *Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *4 (D. Me. Sept. 27, 2012); *Strout v. Astrue*, Civil No. 08-181-B-W, 2009 WL 214576, at *8-*9 (D. Me. Jan. 28, 2009 )(where records unseen by state-agency reviewers were cumulative of records they did see or reflected improvement in claimant's condition, not error for administrative law judge to rely on reviewers' opinions).

Here, the first of the two subsequently-submitted pages of evidence cited by the plaintiff is a page from a form entitled "Treating Source Statement – RFC" signed by Robert B. Rovner, M.D. on May 9, 2012. Record at 344, 347. On the cited page, Dr. Rovner checks off entries stating that the plaintiff "probably could not consistently complete a typical 8-hour work day or 40-hour work week without interruptions from psychologically based symptoms," that she "probably could not perform at a consistent pace without more than the minimum number and length of required rest periods," and that he would restrict her to part-time work not to exceed 3 hours per shift and 9 hours per week. *Id.* at 344.

Dr. Stahl reviewed Dr. Rovner's treatment records at least through 2009. *Id*. at 269.[3] The administrative law judge pointed out that Dr. Stahl's opinion was "consistent with the relatively mild to moderate clinical abnormalities noted on examinations," *id*. at 26, and that Dr. Rovner "described no clinical abnormalities to support his opinion" that was presented in the "Treating Source Statement." *Id*. She also cited portions of the subsequently-submitted records that supported her analysis and others that noted the plaintiff's improvement with treatment. *Id*. (Exhibits 3F, 8F, 9F, 11F-14F).

The second page cited by the plaintiff as subsequently-submitted evidence is from a document entitled "Mental Impairment Questionnaire" signed by Julie Sullivan, LCPC, and dated June 11, 2012. *Id*. at 352, 354. After treating the plaintiff twice a month for three and one-half months, her licensed clinical counselor entered "not sure" or "hard to know" in six of the 16 listed "mental abilities and aptitudes needed to do unskilled work" that the form asked her to evaluate, *id*. at 352. She entered "no apparent diminished ability" in the categories of "[m]aintain regular attendance and be punctual" and "[g]et along with co-workers or peers without unduly distracting them." *Id*. In the remaining eight categories she indicated that "diminished ability would likely be apparent as often as one to two times per hour and up to 10% of a typical work day." *Id.*

The plaintiff asserts, in conclusory fashion, that "[i]f the ALJ had incorporated these limitations into the RFC it would have resulted in the Plaintiff not being able to perform her past relevant work or any other job . . . due to an inability to maintain attendance and concentration, persistence, and pace." Itemized Statement at 4-5. However, Ms. Sullivan said that the plaintiff would have no problem maintaining regular attendance and diminished ability to maintain attention for two hour segments for up to 10% of a typical workday. Record at 352. The latter

---

[3] In 2009, Dr. Rovner also said that the plaintiff was unable to work. Record at 287. Thus, his similar statement in 2012 was cumulative.

restriction appears to be no more severe than the administrative law judge's conclusion that the plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. *Id*. at 22. The page cited by the plaintiff does not show that the plaintiff was more severely limited than the administrative law judge concluded that she was.

The plaintiff also appears to suggest, Itemized Statement at 4, that the administrative law judge was required to accept the opinion of Kerry Drach, Psy.D., a consultative examiner, who stated that "if [the plaintiff] could get her current mental health crisis of being depressed and anxious under control, she might be able to function again in the work place." Record at 247. She presents no authority in support of this suggestion. Dr. Stahl reviewed Dr. Drach's assessment. *Id*. at 269. I have already rejected the plaintiff's contention that the administrative law judge was not allowed to rely on Dr. Stahl's opinions. She also adequately stated her reasons for giving only "some weight" to Dr. Drach's opinions. *Id*. at 27. The plaintiff is not entitled to remand on this basis.

Finally, the plaintiff challenges the administrative law judge's reliance on the function report that the plaintiff herself completed. Itemized Statement at 5-7. She recites a litany of entries from her function report, and that of her husband, to support her assertion that "[t]he ALJ's discussion of the Plaintiff's activities of daily living, drawn from her function reports, does not reflect the extent of the Plaintiff's very limited daily functioning due to her severe impairments[.]" *Id*. at 6-7. She asserts that this proves that "the ALJ's conclusions are therefore not supported by substantial evidence." *Id*. at 7. The only authority she cites in support of this argument is *Crocker v. Astrue*, No. 07-220-P-S, 2008 WL 2775980, at *7 (D. Me. June 30, 2008), for the principle that "a claimant's ability to participate in limited household chores, in and of itself, does not prove he

has the ability [to] perform substantial gainful activity." Itemized Statement at 6. However, the administrative law judge in this case did not base her conclusions on this flawed analysis.

An administrative law judge may consider whether a claimant's daily activities reflect a greater capacity for work-related activities at the relevant time than he or she has alleged. *Nolan v. Astrue*, Civil No. 09-323-P-H, 2010 WL 2605699, at *7 n.4 (D. Me. June 24, 2010). In the instant case, when evaluating the plaintiff's mental impairments against the relevant Listings, the administrative law judge said the following about one of the categories that she was required to consider:

> In activities of daily living, the claimant has mild restriction. In a Function Report from December of 2010, the claimant indicated that she was able to prepare daily means, wash dishes and laundry, vacuum, clean, take care of pet cat, go out alone and shop in stores (Exhibit 4E). In an assessment from March of 2011, the claimant reported that she helped her husband off to work, cleaned the cat box, washed dishes, vacuumed, made the bed and cooked (Exhibit 3F). She also reported that she did not have any difficulties with her own personal activities of daily living such as dressing herself, toileting or bathing (Exhibit 3F).

Record at 21. This paragraph is essentially repeated in the administrative law judge's discussion of the plaintiff's RFC. *Id*. at 25.

The only circumstance under which the plaintiff's argument on this point could be persuasive would be where the administrative law judge's assessment of mental limitations on the ability to perform work-related tasks was based solely on a claimant's own function report. In this case, the administrative law judge did not rely solely on the plaintiff's function reports in assessing her mental limitations. *See id*. at 25-27. Rather, she devotes two single-spaced pages and 11 paragraphs to reviews of all of the professional evaluations in the record, in contrast to the single paragraph discussing the plaintiff's own report. There is more than enough substantial evidence to support the administrative law judge's conclusions cited in these pages, even without

consideration of her evaluation of the plaintiff's function report. Any error in the treatment of that report, and that of the plaintiff's husband, accordingly can only be harmless.

The plaintiff also contends that the administrative law judge was required to give "some weight" to the opinions of Dr. Rovner, her treating family practitioner, and greater weight than she did to those of the plaintiff's counselor, Julie Sullivan, and the consultative examiner, Kelly Drach, Psy.D., concerning the effects of her mental impairments. Itemized Statement at 11-12. She asserts that the administrative law judge should have given the opinions of these individuals "collectively substantial weight," which would have changed the RFC that she assigned to the plaintiff to one that would have "ruled out all SGA work." *Id.* at 12.

There are several problems with the plaintiff's argument. First, from all that appears, Dr. Rovner does not practice psychiatry or any other specialty concerned with mental health. The administrative law judge is required to consider a medical source's specialty when evaluating his or her opinions. 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.). Second, Ms. Sullivan is not an acceptable medical source, 20 C.F.R. § 404.1513(a), and "[t]he fact that a medical opinion is from an "acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because . . . 'acceptable medical sources' are the most qualified health care professionals." Social Security Ruling 06-03p, reprinted in *West's Social Security Reporting Service* Rulings 1983-2001 (Supp. 2014-15), at 332 (internal quotation marks omitted).

Most important, however, is the fact that the administrative law judge discussed in detail her reasons for rejecting Dr. Rovner's conclusions about the plaintiff's mental limitations and for

giving only "some weight" to the conclusions of Dr. Drach and Ms. Sullivan.  Record at 26-27.

That is all that is required.  *See, e.g., Cox v. Astrue*, No. 2:10-cv-26-DBH, 2010 WL 5260843, at

*4 (D. Me. Dec. 16, 2010).

## B.  Physical RFC

The plaintiff attacks the administrative law judge's treatment of Dr. Rovner's opinions

concerning her work-related physical limitations.  Itemized Statement at 9-11.  She asserts that

these opinions must be given "substantial weight" with respect to her scoliosis, because "he has

treated the Plaintiff for her back symptoms and limitations since February 22, 2013."  *Id*. at 9.  Of

course, length of the treatment relationship is only one of several factors that an administrative law

judge must weight in evaluating the opinions of treating medical professionals.  20 C.F.R.

§ 404.1527(c).  No single factor controls.

The plaintiff contends that the only medical evidence in the record contrary to Dr. Rovner's

opinions are "the brief summary by Dr. Turner"[4] and the opinions of Dr. Velazquez, a consulting

examiner.  Itemized Statement at 10.  She dismisses Dr. Turner's opinions because, she asserts,

they "conflict[] with the February 28, 2011 imaging study[.]"  *Id.*  The report of that study, under

the heading "Impression," finds "[s]evere scoliosis.  Degenerative changes."  Record at 281.  How

this report, which includes a more technical, one-paragraph description of what the radiologist sees

in the study, necessarily conflicts with Dr. Turner's analysis, is unclear to the court.

Dr. Turner's entire report is as follows:

> Claimant alleges back pain, SOB [shortness of breath] associated with
> anxiety, as well as R[ight] hip pain.  At recon there is an x ray revealing
> scoliosis as well as presence of osteophytes at several levels.
> [E]xamination of 4/6/11 reveals an unremarkable MSK and neuro exam.

---

[4] The plaintiff refers to this individual as "Dr. Turner."  His or her report is electronically signed "M. Turner."  Record at 308.  The defendant, to her credit, admits that she does not know whether this individual is a physician.  Defendant's Opposition to Plaintiff's Statement of Specific Errors (ECF No. 16) at 11 n.5.  In any event, the plaintiff has not objected to consideration of this individual's conclusions on the basis of this issue.

> Nonetheless given presence of demonstrable scoliosis and complaints
> of pain, the RFC is amended to include a restriction in lift[] carry to 50
> occ [occasionally] and 25 frequently with no further restrictions.

Record at 308. To find conflict between the Turner report and the results of the imaging study would require medical knowledge which neither the plaintiff, her attorney, nor the court possesses. Interpretation of raw medical evidence by the court is forbidden. *See, e.g., Libby v. Astrue*, No. 2:10-cv-265-GZS, 2011 WL 2531152, at *3 n.2 (D. Me. June 24, 2011).

With respect to Dr. Velazquez, the plaintiff asserts that his opinion "conflicts with the ALJ's RFC and also conflicts with Dr. Rovner's treating source opinions." Itemized Statement at 8. To the extent that the RFC assigned to the plaintiff differs from the limitations found by Dr. Velazquez, the difference is explained by the administrative law judge's decision to give weight to Dr. Velazquez's conclusions only to the extent that they are consistent with the assigned RFC. There is no error here at all, let alone a basis for remand. The plaintiff also asserts that Dr. Velazquez's conclusions are inconsistent with the February 28, 2011, imaging study, *id*. at 10, and, for the reasons stated above, this argument also falls short.

The administrative law judge's discussion of her reasons for rejecting Dr. Rovner's conclusions with regard to the plaintiff's physical limitations, Record at 25, is both sufficient and supported by substantial evidence.

## C. Credibility

The plaintiff's final challenge is to the administrative law judge's finding concerning her credibility. Itemized Statement at 12-13. In a brief presentation, she asserts that, because the "record contains no evidence that the Plaintiff is a malingerer or that she was exaggerating her symptoms for secondary gain," the administrative law judge was required to accept her testimony. Specifically, she contends that, because she has "an excellent work history . . . establishing her

desire to work and supporting her credibility[,] . . . [i]n the absence of contrary evidence, there should be a presumption that the Plaintiff's ongoing complaints . . . are credible." *Id*. at 13. She cites no authority in support of inferential approach by which a claimant's credibility may be evaluated.

Current Social Security law is quite different. Evaluation of a claimant's credibility is based, in part, on the administrative law judge's observation of the claimant and evaluation of her demeanor while testifying. *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987). A claimant is not entitled to a presumption of credibility based on a long work history. *Jones v. Apfel*, 234 F.3d 1273 (Table), 2000 WL 1648137, at *2 (7th Cir. Nov. 1, 2000); *Wages v. Commissioner of Soc. Sec.*, No. Civil Action No. 3:11-CV-1571 (JCH), 2013 WL 3243116, at *4 (D. Conn. June 26, 2013). In the evaluation of credibility, presumptions are inappropriate. *See, e.g., Felton-Miller v. Astrue*, No. 2:10-CV-5-FL, 2010 WL 4809028, at *5-*6 (E.D.N.C. Nov. 17, 2010).

Significantly, the plaintiff does not challenge any of the specific reasons given by the administrative law judge for her credibility finding, as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

> After careful consideration of the entire record, the undersigned finds that the claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible in light of her medical history and the reports of the treating and examining physicians (Social Security Ruling 96-7p). The intensity of the pain and degree of incapacity asserted by the claimant are inconsistent with the medical evidence of record, as shall be discussed in greater detail below.

* * *

On physical examination, the claimant consistently exhibited normal upper and lower extremity range of motion (Exhibits 2F, 9F). No significant abnormalities were noted with respect to gait, motor strength, grip strength, sensation or reflexes (Exhibits 2F, 7F, 8F, 9F). There is no description in the medical evidence of record of positive straight leg raise test or muscle atrophy. The claimant does not use any assistive devices for walking (Exhibit 2F). The claimant's condition has been treated conservatively with non-narcotic pain medication (Exhibits 10E, 8F). The claimant has not received treatment such a physical therapy, epidural steroid injections or surgery. No treating or examining physician of record described any significant dysfunction relating to the claimant's spine, shoulders, elbows, wrists, hips, knees or ankles. Thus, the objective clinical and laboratory data does not support a finding that the claimant is as restricted as has been alleged.

* * *

Concerning the claimant's mental impairments, the claimant has been diagnosed with an anxiety disorder and depression (Exhibits 3F, 8F, 12F, 15F, 16F). The evidence of record supports the finding that the claimant experiences only relatively mild to moderate symptoms and work-related limitations (Exhibits 5F, 6F). . . . The claimant was noted to have experienced significant improvement with treatment including counseling and medication management (Exhibits 8F, 11F, 13F). . . . On multiple examinations, the claimant was noted to be alert and oriented and in no acute distress (Exhibits 2F, 8F, 9F, 14F). The claimant has been described as pleasant on multiple examinations (Exhibits 9F, 12F). She has also been described as cooperative, polite and respectful (Exhibits 3F, 12F). The claimant evidences no signs of disordered thinking on examination performed in March of 2011 (Exhibit 3F). On examination performed in February of 2012, thoughts were described as logical, and cognition was described as intact (Exhibit 12F).

The claimant can perform a wide variety of activities of daily living.

Record at 23-25.

These findings cite evidence that is contrary to the plaintiff's testimony, which an administrative law judge is not required to ignore. *See, e.g., Carway v. Colvin*, No. 13 Civ. 2431 (SAS), 2014 WL 1998238, at *6 (S.D.N.Y. May 14, 2014) (claimant not entitled to presumption of credibility when substantial evidence conflicts with her testimony). These findings are in

themselves sufficient to support the credibility finding.  *See, e.g., Swain v. Astrue,* No. 2:10-cv-325-DBH, 2011 WL 2559538, at *5 (D. Me. June 27, 2011).

## II.     Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be

**AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 1st day of October, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge